IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELODEE H. and JON H., parents of Kelii H., | CIVIL NO. 05-00731 JMS-BMK |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION REGARDING ENTITLEMENT TO FEES |
| vs. | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | |
| Defendant. | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION
REGARDING ENTITLEMENT TO FEES

    Before the Court is Plaintiffs' Motion Regarding Entitlement to Fees. A hearing was held on this matter on April 21, 2006. After careful consideration of the Motion, arguments of counsel, and the supporting and opposing memoranda, the Court FINDS that Plaintiffs are not the prevailing party at this time and RECOMMENDS that Plaintiffs' Motion be DENIED.

BACKGROUND

    Plaintiffs are parents of Kelii H. ("Kelii"), a twelve year old boy diagnosed with velocardiofacial syndrome. On August 28, 2003, Kelii received an Individualized Education Plan ("IEP") for the 2003-2004 school year. Although

Kelii could have attended public school, Plaintiffs home schooled Kelii for the 2003-2004 school year because he expressed a fear of attending public school.

On March 30, 2004, Plaintiffs filed a request for an administrative hearing with the State of Hawaii seeking reimbursement for Kelii's home school expenses for the 2003-2004 school year.  On June 18, 2004, Defendant proposed an IEP for Kelii for the 2004-2005 school year.

On September 3, 2004, Hearings Officer Richard A. Young granted Plaintiffs' request for reimbursement of expenses for the 2003-2004 school year after finding that Defendant Department of Education, State of Hawaii ("Defendant") denied Kelii a Free and Appropriate Public Education ("FAPE"). Hearings Officer Young also found that although Kelii's public school offered adequate services, the location of the services may not have been appropriate. Hearings Officer Young ordered Defendant to conduct an IEP to determine where Kelii should receive his FAPE during the 2004-2005 school year and denied Plaintiffs' request for placing Kelii in a private school "at that time."  After the September 3, 2004 decision, the parties met to create an IEP for Kelii for the 2004-2005 school year.  Because the parties did not agree on an appropriate IEP for Kelii however, Plaintiffs enrolled him in a private school for the 2004-2005 school year.

On November 12, 2004, Plaintiffs requested a second administrative hearing with the State of Hawaii for reimbursement of Kelii's private school expenses for the 2004-2005 school year.  On March 21, 2005, Hearings Officer Haunani H. Alm dismissed Plaintiffs' request for reimbursement.  Hearings Officer Alm specifically ruled that Plaintiffs' request was precluded by Hearings Officer Young's September 3, 2004 decision.

On April 20, 2005, Plaintiffs filed a complaint in federal court seeking review of Hearings Officer Alm's decision.  On August 18, 2005, Judge Gillmor disagreed with Hearing Officer Alm and ruled that Plaintiffs' request for reimbursement for the 2004-2005 school year was not precluded by the September 3, 2004 decision.  Judge Gillmor found that the September 3, 2004 decision denying Plaintiffs' request to send Kelii to a private school was not final because Plaintiff's request was only denied "at that time," and the parties did not create an IEP for Kelii for the 2004-2005 school year.  Thereafter, Judge Gillmor remanded the case back to the Office of Administrative Hearings to determine the specific issue of whether the location offered by Defendant for the 2004-2005 school year denied Kelii a FAPE.

Upon remand, on September 19, 2005, Hearings Officer Alm dismissed the case for lack of subject matter jurisdiction because the time period

for deciding this case expired pursuant to 34 C.F.R. 300.511(a) and H.A.R. § 8-56-77(a).[1]

The Court entered final judgment on November 10, 2005. Plaintiffs filed another complaint, Civ No. 06-00030 SOM-LEK, in federal court on January 17, 2006 seeking to set aside Hearings Officer Alm's dismissal. As of the date of this Finding and Recommendation, the Court has not ruled on the second complaint.

On March 17, 2006, Plaintiffs filed the instant Motion pursuant to 20 U.S.C. § 1415. On April 3, 2006, Defendant filed a timely objection to the Motion.

DISCUSSION

Plaintiffs claim an entitlement to attorneys' fees as the prevailing party of Judge Gillmor's August 18, 2005 Order pursuant to 20 U.S.C. § 1415. 20 U.S.C. § 1415 (i)(3)(B) allows "the court, in its discretion, [to] award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with disability" "[i]n any action or proceeding brought under this section." 30 U.S.C. § 1415(b)(6)(B) allows parents to bring an action "with respect to any

---

[1] 34 C.F.R. 300.511(a) and H.A.R. § 8-56-77(a) requires the Hearings Officer to issue a final decision within forty-five (45) days of a request for a hearing. The forty-five day period expired on May 16, 2005.

matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child."

A party "prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the [prevailing party]." <u>Barrios v. Cal. Interscholastic Federation</u>, 277 F.3d 1128, 1134 (9th Cir. 2002). "A material alteration of the legal relationship occurs when the [prevailing party] becomes entitled to enforce a judgment, consent decree, or settlement against the defendant. . . . because the [prevailing party] can force the [losing party] to do something he otherwise would not have to do." <u>Id.</u>  Accordingly, the prevailing party must "achieve some material alteration of the legal relationship of the parties, [and] that change must also be judicially sanctioned." <u>Shapiro v. Paradise Valley Unified Sch. Dist. No. 69</u>, 374 F.3d 857, 865 (2004).  A party that wins a "purely technical or de minimus" matter, however, is not considered a prevailing party. <u>Kletzelman v. Capistrano Unified Sch. Dist.</u>, 91 F.3d 68, 70 (9th Cir. 1996).  In IDEA cases, courts normally award attorneys' fees to parents who prevailed at an administrative hearing.  <u>McSomebodies v. Burlingame Elementary Sch. Dist.</u>, 897 F.2d 974, 975 (9th Cir. 1989).

In this case, Plaintiffs sought reimbursement for private school tuition from 2004 to 2005. A Hearings Officer initially denied Plaintiffs' request. Judge Gillmor later remanded the case but did not grant any relief sought by Plaintiffs. A Hearings Officer on remand dismissed the case for a lack of subject matter jurisdiction. Finally, Plaintiff's request for review of the Hearings Officer's dismissal has not yet been fully adjudicated.

Therefore, the Court is unaware of any proceedings either in federal court or at the administrative level that changes the relationship between the parties. Indeed, Plaintiffs do not have any judgment, consent decree, or settlement to enforce against Defendant to be reimbursed for Kelii's private school tuition. Accordingly, although Plaintiffs may still ultimately prevail as the Hearings Officer's dismissal is being reviewed by the Court, Plaintiffs are not the prevailing party pursuant to 20 U.S.C. § 1415(i)(3)(B) at this time and thus the Court RECOMMENDS that Plaintiffs' request for attorneys' fees be DENIED.[2]

---

[2] The Court will not address the issue of whether Plaintiffs timely filed their request for attorneys' fees in light of the Court's finding that Plaintiffs are not the prevailing party.

## CONCLUSION

Based upon the foregoing reasons, the Court FINDS that Plaintiffs are not the prevailing party at this time and thus RECOMMENDS that Plaintiffs' Motion Regarding Entitlement to Fees be DENIED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: April 26, 2006

Melodee H. And Jon H., parents of Kelii H., v. Department of Education, State of Hawaii; Civ No 05-00731 JMS-BMK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION REGARDING ENTITLEMENT TO FEES

7